UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHONG SU, | : | Case No. 1:07-cv-989 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| JIM CUREE, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT (1) DEFENDANT'S MOTION TO DISMISS (Doc. 11) BE GRANTED ON THE ALTERNATIVE GROUND OF LACK OF JURISDICTION; AND (2) THIS CASE BE CLOSED**

Plaintiff Chong Su initiated this action by filing a *pro se* complaint against Defendant Jim Curee, a building inspector for the City of Cincinnati.  (Doc. 1.)  Seeking injunctive relief, Plaintiff alleges, *inter alia*, that Defendant entered his property without a warrant and attempted to close his apartment building, evicting his tenants, in violation of his constitutional rights.

On January 9, 2008, Defendant filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 11.)  Defendant seeks dismissal on the primary ground that he entitled to qualified immunity.

In response to the motion to dismiss, Plaintiff filed a "removal notice" stating his

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

intent to remove to federal court four state criminal actions pending against him arising from the alleged violations of the city building code.  (*See* Doc. 12 at pp. 5-19.)  He asserts that Defendant caused the criminal charges to be brought against him and that the charges were brought prematurely while administrative appeals were pending.  (*See id.* at pp. 6, 13, 10-18.)

The complaint should be dismissed for lack of jurisdiction because: (1) it is barred by the *Younger* abstention doctrine; and (2) Plaintiff failed to meet the jurisdictional requirements for removal of state court proceedings under 28 U.S.C. § 1443.

## DISCUSSION

Defendant seeks dismissal on the ground that he is entitled to qualified immunity "for doing his job as a building inspector."  (Doc. 11 at p. 2.)  His conclusory assertion lacks merit.  *Cf. Flatford v. City of Monroe*, 17 F.3d 162, 168-69 (6th Cir. 1994) (denying qualified immunity to building inspector whose actions were objectively unreasonable).

To evaluate the merits of a qualified immunity defense, the court asks: (1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and if so, (2) whether that right was clearly established.  *See Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Ciminillo v. Streicher*, 434 F.3d 461, 466 (6th Cir. 2004).  If these questions are answered in the affirmative, the court must then determine whether the official's actions were objectively unreasonable in light of the clearly established constitutional rights.  *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (en banc).

Taking the allegations as true and construing them in a light favorable to Plaintiff, it appears that he has pled sufficient facts to show the violation of a clearly established right, for example, his Fourth Amendment right to be free from a warrantless entry onto his property and his due process right to meaningful postdeprivation process. *See Flatford*, 17 F.3d at 168-69.  He has also alleged facts that, if taken as true, are sufficient to show that Defendant's actions were not objectively reasonable.

Based on the record before the Court, Defendant is not entitled to the defense of qualified immunity.

Although the rationale asserted by Defendant is unavailing, dismissal is warranted on the alternative ground of lack of jurisdiction.

Under the *Younger* abstention doctrine, a federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *Younger v. Harris*, 401 U.S. 37, 44-45 (1941).  "*Younger* abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1074 (6th Cir. 1998); *see also Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982).  Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature, as long as federal court intervention "unduly interfere(s) with the legitimate activities of the Stat(e)." *Juidice v. Vail,* 430 U.S. 327, 335-36 (1977) (quoting *Younger,* 401 U.S. at 44).

The requirements for abstention are met in this case. First, Plaintiff alleges that state enforcement proceedings are ongoing. (*See* Doc. 12.) Second, the state has an important interest in enforcing its state and local housing codes. *See Carroll*, 139 F.3d at 1075. Third, Plaintiff has not alleged any facts to show that the state proceedings do not provide an opportunity for him to raise his constitutional claims. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (placing the burden on the plaintiff to show that state procedural law barred presentation of claims).

Accordingly, Defendant's motion to dismiss should be granted on the alternative ground that this action is barred by the *Younger* abstention doctrine, and the complaint should be dismissed without prejudice for lack of subject matter jurisdiction. *See D.L. v. Unified School Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (holding that "*Younger* abstention is jurisdictional"), *cert. denied*, 544 U.S. 1050 (2005).

Jurisdiction over the pending criminal proceedings is also lacking.

Section 1443 authorizes removal of a state civil action or criminal prosecution pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

A litigant removing a case under § 1443(1) must first show that the right he claims

to have been denied arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). He must then show that he cannot enforce that right in state court. *Rachel*, 384 U.S. at 794-800. A state civil action or criminal prosecution that does not violate a specific federal law protecting against racial discrimination is not subject to removal under § 1443(1). *Johnson v. Mississippi*, 421 U.S. 213, 227-28 (1975).

Removal under § 1443(1) is not warranted because Plaintiff does not allege the violation of an explicit federal statute or constitutional law protecting against racial discrimination. *See State of Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982) (finding allegations of First Amendment and due process violations are insufficient to support § 1443 removal of ongoing state criminal prosecution).

Removal under 28 U.S.C. § 1443(2) is unavailable. This section is "limited to federal officers and those authorized to act for them or under them." *City of Greenwood v. Peacock*, 384 U.S. 808, 814-15 (1966). Plaintiff does not allege that he is a federal officer or that he is acting on behalf of or under a federal officer.

In sum, "[u]nless the formidable barrier of the *Younger* abstention doctrine can be surmounted by a defendant in a state proceeding or removal is available under the Civil Rights Removal Act, [28 U.S.C. § 1443,] that defendant must have his federal rights adjudicated by the state court system subject to review only by the Supreme Court of the United States." *Ivy Club v. Edwards*, 943 F.2d 270, 280 (3rd Cir. 1991), *cert. denied sub nom. Del Tufo v. Ivy Club*, 503 U.S. 914 (1992).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss (Doc. 11) should be **GRANTED** on the alternative ground of lack of jurisdiction;

2. The complaint should be **DISMISSED without prejudice** for lack of jurisdiction; and

3. This case should be **CLOSED**.

Date:  3/21/08   　　　　　　　　　　　　 s/Timothy S. Black
　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHONG SU, | : | Case No. 1:07-cv-989 |
| | : | |
| Plaintiff, | : | Spiegel, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| JIM CUREE, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).